IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES MCKIBBEN,

      Plaintiff,                  No. 2:09-cv-02949 JAM KJN

      v.

COLLECTION PROFESSIONAL
SERVICES aka NATIONWIDE
CAPITAL RECOVERY,

      Defendant.               <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

      Presently before the court is plaintiff's application for default judgment.[1] This matter was submitted without oral argument. The undersigned has fully considered the pleadings, briefs, and record in this case and, for the reasons stated below, recommends that plaintiff's application for entry of default judgment be granted.

////

////

////

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1). This matter was referred to the undersigned by an order entered February 8, 2010. (Dkt. No. 7.)

1

I.     BACKGROUND[2]

Plaintiff is an individual who resides in Marysville, California. (Pl.'s Compl. ¶ 8, Dkt. No. 1.) Plaintiff alleges that he is a consumer and that defendant is a debt collector with offices in Indian Wells, California that attempted to collect a debt allegedly owed by plaintiff. (Id. ¶¶ 9-11.) Defendant "constantly and continuously" placed calls to plaintiff demanding payment for the alleged debt. (Id. ¶¶ 12-14.) Defendant also placed calls with plaintiff's daughter and church, stating that plaintiff owed a debt. (Id. ¶¶15-16.) In addition, plaintiff received a call from defendant's agent, Jason Woods, in which Woods stated that he was calling from "a fraud division." (Id. ¶ 17.) Furthermore, plaintiff alleges that defendant failed to provide a debt validation letter. (Id. ¶18.)

On October 22, 2009, plaintiff filed a verified complaint with this court alleging that defendant had violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., and California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code §§ 1788 et seq. (Pl.'s Compl. ¶¶ 1-2, 19-32.) In his first claim for relief, plaintiff alleges that defendant violated the following provisions of the FDCPA in its attempts to collect the debt allegedly owed by plaintiff: 15 U.S.C. §§ 1692b(2), 1692b(3), 1692d, 1692d(5), 1692e, and 1692g. (See Pl.'s Compl. ¶¶ 19a-19g.) In connection with his FDCPA claim, plaintiff's complaint prays for declaratory relief, statutory damages under the FDCPA, actual damages, and costs and reasonable attorneys' fees under the FDCPA. (Id. ¶¶ 20-23.) Plaintiff's second claim for relief alleges that defendant violated the following provisions of the Rosenthal Act in its attempts to collect the alleged debt: California Civil Code §§ 1788.11(d), 1788.11(e), 1788.12(a), 1788.13(d), and 1788.17. (See Pl.'s Compl. ¶¶ 26a-26e.) As to his Rosenthal Act claim, plaintiff's complaint prays for declaratory relief, statutory damages under the Rosenthal Act,

---

[2] These background facts are taken from the allegations contained in plaintiff's verified complaint. (Dkt. No. 1.) The complaint contains only a cursory recitation of the operative facts and appears to be a form complaint minimally tailored to the facts of this case.

2

1  actual damages, and costs and reasonable attorneys' fees under the Rosenthal Act.  (Id. ¶¶ 28-31.)

Plaintiff filed a proof of service that demonstrates that on December 3, 2009, plaintiff, through a process server, attempted personal service on defendant at the following address: 74-923 Highway 111, Suite 218, Indian Wells, California 92210.  (Dkt. No. 8.)  The proof of service states that, on December 3, 2009, plaintiff effectuated substituted service by leaving the summons and complaint with Jim Shaunty, a "person in charge," and that a copy of the summons and complaint was mailed to defendant on that same date.[3]  (Id. at 1-2.)

On February 17, 2010, following receipt of plaintiff's request for entry of default, the Clerk of this Court entered a certificate of entry of default against defendant.  (Dkt. Nos. 9, 10.)  In entering default, the Clerk of Court stated that it appeared from the record and papers on file in the action that defendant had been duly served with process, yet failed to appear, plead, or answer plaintiff's complaint within the time allowed by law.  (Dkt. No. 10 at 1.)

On April 26, 2010, plaintiff filed a memorandum of points and authorities in support of his application for default judgment, which he also served by mail on defendant.[4]  (Dkt. No. 11.)  Plaintiff filed a notice of his application for default judgment on April 28, 2010.  (Dkt. No. 13.)  Although plaintiff has not filed a document formally labeled as an application for default judgment, it appears that plaintiff intended his memorandum and the notice in support of the application for default judgment to constitute an application for default judgment, and the undersigned construes those documents accordingly.[5]

---

[3] The proof of service also indicates that personal service had also been attempted on December 1, 2009, and December 2, 2009.  (Dkt. No. 8 at 2.)

[4] The proof of service attached to plaintiff's filing indicates that plaintiff mailed a copy of his memorandum in support of the application for default judgment to defendant on April 26, 2010.  (Dkt. No. 11 at 75.)

[5] In his notice of the application for default judgment and memorandum in support of the application, plaintiff represents that he seeks a default judgment from the court pursuant to Federal Rule of Civil Procedure 55(b)(1).  (See Dkt. No. 11 at 2; Dkt. No. 13 at 1.)  But Rule 55(b)(1) addresses the entry of default judgment by the clerk of court where a plaintiff's claim is

3

Plaintiff's application for default judgment requests entry of a judgment on plaintiff's claims for violations of the FDCPA and the Rosenthal Act. He seeks a total award of $4,563.61, which consists of: (1) $2,000.00 in total statutory damages for violations of the FDCPA and the Rosenthal Act; (2) $1,702.00 in attorneys' fees; (3) $361.61 in filing fees and service fees; and (4) "$500.00 in anticipated collection costs pursuant to 15 U.S.C. § 1692(k)(a)." (Pl.'s Memo. of P. & A. in Supp. of Application for Default J. at 2, Dkt. No. 11.)  No response to plaintiff's application for default judgment is on record in this action.

II.     LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments).  Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this determination, the court may consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are ordinarily

---

for a sum certain or a sum that can be made certain by computation, and does not address entry of default judgment by the court. Federal Rule of Civil Procedure 55(b)(2) addresses the entry of default judgment by the court, which is what, in substance, plaintiff seeks here.  It appears that plaintiff's citations to Rule 55(b)(1) were inadvertent mistakes, and the court will analyze plaintiff's application as authorized under Rule 55(b)(2).

4

disfavored. Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); see also Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law" (citation and quotation marks omitted).); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim."). A party's default conclusively establishes that party's liability, although it does not establish the amount of damages. Geddes, 559 F.2d at 560; see also Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990); Doe v. Rafael Saravia, 348 F. Supp. 2d 1112, 1143 (E.D. Cal. 2004).

III.   ANALYSIS

    A.   <u>Appropriateness of the Entry of Default Judgment Under the Eitel Factors</u>

        1.   <u>Factor One: Possibility of Prejudice to Plaintiff</u>

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of entering default judgment. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Here, plaintiff would potentially face prejudice if the court did not enter default judgment because absent entry of default judgment, plaintiff would be without another recourse for recovery. Accordingly, the first Eitel factor favors the entry of default judgment.

5

2.  Factors Two and Three: The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint

The undersigned considers the merits of plaintiff's substantive claims and the sufficiency of the complaint together below because of the relatedness of the two inquiries. The undersigned also considers whether the allegations in the complaint, taken as true, are sufficient to state a claim that supports the relief sought. See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at 1175.

a.  The Alleged FDCPA Violations

The undersigned finds that the allegations in plaintiff's complaint, however perfunctory, sufficiently support the grant of relief on some of plaintiff's FDCPA claims in the context of an application for entry of default judgment. However, plaintiff's allegations do not support all of the claimed FDCPA violations.

First, plaintiff alleges that defendant violated 15 U.S.C. § 1692b(2), which provides that "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall . . . not state that such consumer owes any debt." (Pl.'s Compl. ¶ 19a.) Plaintiff has sufficiently alleged a violation of section 1692b(2) because his complaint alleges that defendant called both his daughter and his church and stated that plaintiff owed a debt. (Pl.'s Compl. ¶¶ 15-16.)

Second, plaintiff has not sufficiently alleged a violation of 15 U.S.C. § 1692b(3), which provides, in relevant part, that "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall . . . not communicate with *any such person more than once* unless requested to do so by such person . . ." (emphasis added). (See Pl.'s Compl. ¶ 19b.) Plaintiff does allege that defendant violated section 1692b(3) by "contacting third parties more than once after being told not to contact those third parties." (Id. ¶ 19b.) However, he does not set forth any factual allegations that any single third party was contacted repeatedly after that same third party requested that defendant not

6

contact him or her. At most, plaintiff's allegations suggest that defendant called his daughter once and his church once. (See id. ¶¶ 15-16.) Accordingly, plaintiff has not alleged a prima facie claim for a violation of section 1692b(3).

Third, plaintiff has pled a legally sufficient claim that defendant violated 15 U.S.C. § 1692d, and, more specifically section 1692d(5). Section 1692d generally provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Relevant here, 15 U.S.C. § 1692d(5) specifically provides that the following conduct constitutes a violation of section 1692d: "Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." Plaintiff adequately alleged violations of both 15 U.S.C. § 1692d and section 1692d(5) as a result of defendant's constant and continuous collection calls to plaintiff. (See Pl.'s Compl. ¶¶ 12-14, 19c-19d.)

Fourth, plaintiff's allegation that defendant violated 15 U.S.C. § 1692e "by using a false, deceptive and misleading representation in connection with debt collection" is not legally sufficient to support the grant of relief. Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," and provides several examples of violative conduct. Id. Here, plaintiff's complaint only contains a conclusory allegation that parrots the language of the statute and does not identify any representation that was false, deceptive, or misleading. Without more, plaintiff's conclusory allegation does not set forth a legally sufficient claim. Cf. Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) ("A complaint may survive a motion to dismiss if, taking all well-pleaded factual allegations as true, it contains 'enough facts to state a claim to relief that is plausible on its face.'") (quoting Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009)).

Fifth, plaintiff alleges that defendant violated 15 U.S.C. § 1692g, which sets forth debt validation requirements that debt collectors must follow. (Pl.'s Compl. ¶¶ 19e, 19g.)

Plaintiff's allegations sufficiently allege that defendant violated section 1692g by failing to provide him with a debt validation letter.  (Id. ¶¶ 18, 19e, 19g.)

### b. The Alleged Rosenthal Act Violations

As with the alleged FDCPA violations, the undersigned finds that, taking plaintiff's allegations as true for the purposes of this application for default judgment, plaintiff's complaint sufficiently alleges some violations of the Rosenthal Act.  However, again, some of plaintiff's claims fail for want of factual allegations sufficient to support the grant of relief.

Plaintiff alleges that defendant violated California Civil Code §§ 1788.11(d) and 1788.11(e), which provide that:

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
>
> . . .
>
> (d) Causing a telephone to ring repeatedly or continuously to annoy the person called; or
>
> (e) Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances.

(See also Pl.'s Compl. ¶¶ 26a-26b.)  At a minimum, plaintiff's allegation that defendant called him "constantly and continuously" demanding payment of an alleged debt satisfies the pleading burden as to sections 1788.11(d).  (Id. ¶ 12-14.)

Plaintiff further alleges that defendant violated California Civil Code § 1788.12(a), which provides that a debt collector shall not collect or attempt to collect a consumer debt by communicating with the debtor's employer unless such a communication is necessary to the collection of the debt or the debtor or his attorney has consented in writing to such communication.  Plaintiff alleges that defendant violated section 1788.12(a) by communicating with plaintiff's daughter and church regarding the debt.  (Pl.'s Compl. ¶ 26c.)  Plaintiff's has not pled a legally sufficient claim that defendant violated section 1788.12(a) because he has not alleged that plaintiff's daughter and/or church employed him at the time of the

communications at issue.

Additionally, plaintiff alleges that defendant violated California Civil Code § 1788.13(d), which provides that a debt collector may not collect or attempt to collect a consumer debt by means of a "representation that any debt collector is vouched for, bonded by, affiliated with, or is an instrumentality, agent or official of any federal, state or local government or any agency of federal, state or local government, unless the collector is actually employed by the particular governmental agency in question and is acting on behalf of such agency in the debt collection matter." Plaintiff alleges that defendant violated this provision by "representing that he is affiliated with a federal, state or local government agency." (Pl.'s Compl. ¶ 26d.) However, plaintiff does not allege who the "he" is or with which agency defendant represented itself to be affiliated. The only allegation in plaintiff's complaint that could remotely support this alleged violation is found at paragraph 17: "Defendant's agent or employee, Jason Woods called Plaintiff and stated that he was calling from a fraud division." (Pl.'s Compl. ¶ 17.) However, this allegation sheds no light on how Woods's representation that he was calling from "a fraud division" constitutes a violation of section 1788.13(d). Accordingly, this portion of plaintiff's claim is insufficient to support entry of a default judgment.

Finally, plaintiff alleges that defendant violated California Civil Code § 1788.17 by "continuously failing to comply with the statutory regulations contained within the FDCPA." (Pl.'s Compl. ¶ 26e.) Section § 1788.17, which addresses compliance with federal regulations, requires that debt collectors comply with section 1692b through 1692j of the FDCPA, with certain limitations not relevant here. Cal. Civ. Code § 1788.17. Because defendant is liable for violations of the FDCPA—specifically 15 U.S.C. §§ 1692b(2), 1692d, and 1692g—it is also liable under California Civil Code § 1788.17.

The undersigned concludes that the allegations in plaintiff's complaint, taken as true for the purpose of evaluating the application for default judgment, justify entry of default judgment insofar as the merits and sufficiency of those allegations are concerned. Specifically,

9

the undersigned concludes that plaintiff has sufficiently alleged that defendant violated the FDCPA, 15 U.S.C. §§ 1692b(2), 1692d, 1692g, and the Rosenthal Act, Cal. Civ. Code §§ 1788.11(d), 1788.17. Accordingly, the second and third Eitel factors favor the entry of default judgment.

### 3. Factor Four: The Sum of Money at Stake in the Action

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). Here, plaintiff seeks a relatively small damage award of $4,563.61, which is inclusive of costs and fees sought by plaintiff.[6] Under these circumstances, the undersigned concludes that this Eitel factor favors the entry of default judgment.

### 4. Factor Five: The Possibility of a Dispute Concerning Material Facts

The facts of this case are relatively straightforward, and plaintiff has provided the court with well-pleaded allegations supporting some portions of his claims. Here, the court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default and, thus, there is no likelihood that any genuine issue of material fact exists.[7] See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177.

////
////

---

[6] Whether plaintiff is entitled to an award of this size is a different issue, which the undersigned addresses in greater detail below.

[7] Defendant's failure to file an answer or otherwise respond to plaintiff's complaint in this case further supports the conclusion that the possibility of a dispute as to material facts is minimal.

### 5. Factor Six: Whether the Default Was Due to Excusable Neglect

Upon review of the record before the court, the undersigned finds that the default was not the result of excusable neglect. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Plaintiff made numerous attempts to personally serve defendant with the summons and complaint and ultimately effectuated substituted service of those documents. Moreover, plaintiff served defendant by mail with notice of its application for default judgment. Despite ample notice of this lawsuit and plaintiff's intention to seek a default judgment, defendant has not appeared in this action to date. Thus, the record suggests that defendant has chosen not to defend itself in this action, and not that the default resulted from any excusable neglect. Accordingly, this Eitel factor favors the entry of a default judgment.

### 6. Factor Seven: The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., ___ F. Supp. 2d ___, No. C 08-5065 PJH, 2010 WL 807446, at *16 (N.D. Cal. Mar. 5, 2010); ACS Recovery Servs., Inc. v. Kaplan, No. C 09-01304, 2010 WL 144816, at *7 (N.D. Cal. Jan. 11, 2010) (unpublished); Hartung v. J.D. Byrider, Inc., No. 1:08-cv-00960 AWI GSA, 2009 WL 1876690, at *5 (E.D. Cal. June 26, 2009) (unpublished). Accordingly, although the undersigned is cognizant of the policy favoring decisions on the merits—and consistent with that policy would prefer that this case be resolved on the merits—that policy does not, by itself, preclude entry of default judgment.

Upon consideration of the Eitel factors, the undersigned concludes that plaintiff is entitled to the entry of default judgment against defendant and will make a recommendation to that effect. What remains is the determination of the amount of damages to which plaintiff is

entitled.

### B. Terms of the Judgment to Be Entered

After determining that a party is entitled to entry of default judgment, the court must determine the terms of the judgment to be entered. Plaintiff seeks a total award of $4,563.61, which consists of: (1) $2,000 in statutory damages for violations of the FDCPA and the Rosenthal Act; (2) $1,702.00 in attorneys' fees; (3) $361.61 in filing fees and service fees; and (4) $500.00 in "anticipated collection costs."

Generally, the FDCPA provides that in a case brought by an individual plaintiff seeking redress for a debt collector's failure to comply with the provisions of the statute, the court may award:

> (1) any actual damage sustained by such person as a result of such failure;
>
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; . . . and
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. . . .

15 U.S.C. § 1692k(a)(1)-(3).[8] In determining the amount of liability under section 1692k(a) in a case involving an individual plaintiff, the court shall consider the following relevant factors: "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." Id. § 1692k(b)(1).

The Rosenthal Act's liability provision generally tracks the FDCPA. It provides that a debt collector who violates the statute's provisions shall be liable to an individual plaintiff

---

[8] Section 1692k(c) provides that "[a] debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692(c). This provision is not at issue here because defendant has not appeared in this action.

12

"in an amount equal to the sum of any actual damages sustained by the debtor as a result of the violation." Cal. Civ. Code § 1788.30(a). The Rosenthal Act further provides that a "debt collector who willfully and knowingly violates" the statute's provisions shall face additional liability "for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000)." Id. § 1788.30(b).[9] In an enforcement action, "the prevailing party shall be entitled to costs of the action" and, relevant here, reasonable attorneys' fees based on the time necessarily expended to enforce the liability shall be awarded to a prevailing debtor. Id. § 1788.30(c).

Plaintiff requests the maximum statutory damages awardable under the FDCPA and the Rosenthal Act, i.e., $1,000 for violation of the FDCPA and $1,000 for violation of the Rosenthal Act. Defendant's violations of the FDCPA and Rosenthal Act, even though only minimally supported by well-pleaded facts in plaintiff's verified complaint, warrant an award of statutory damages. See, e.g., Jamal v. Thompson & Assocs., P.C., No. C-09-04249 MHP (BZ), 2010 WL 678925, at *4 (N.D. Cal. Feb. 25, 2010) (unpublished). However, the undersigned concludes that an award of maximum statutory damages under the FDCPA and the Rosenthal Act is not warranted here in light of the insufficiently pleaded claims and the lack of factual allegations suggesting egregious violations of the statutes. Compare id. (awarding $600 in statutory damages despite a request for $2,000 in statutory damages under substantially similar facts), with Myers v. LHR, Inc., 543 F. Supp. 2d 1215, 1218 (S.D. Cal. 2008) (awarding $2,000 in statutory damages for factually substantiated egregious violations of the FDCPA and the Rosenthal Act). As discussed above, multiple violations of the FDCPA alleged by plaintiff are unsupported by well-pleaded facts in the verified complaint. Moreover, plaintiff's allegations

---

[9] A debt collector can avoid liability by showing "by a preponderance of evidence that the violation was not intentional and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation." Cal. Civ. Code § 1788.30(d). As with the FDCPA claim, this provision of the Rosenthal Act is not implicated here in light of defendant's failure to appear in this action.

provide little information about the "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." See 15 U.S.C. § 1692k(b)(1). The alleged violations of the Rosenthal Act alleged by plaintiff in his verified complaint are, in certain instances, unsupported by well-pleaded facts, and plaintiff has provided little in the way of well-pleaded facts suggesting that defendant "willfully and knowingly" violated the Rosenthal Act. See Cal. Civ. Code § 1788.30(b). Accordingly, in light of the absence of facts suggesting egregious violations of the statutes at issue, the undersigned recommends that plaintiff be awarded $400.00 in statutory damages for defendant's violations of the FDCPA and $400.00 in statutory damages for defendant's violation of the Rosenthal Act.

Plaintiff seeks costs in the amount of $361.61, which consists of filing fees and the cost of serving defendant with process. The undersigned finds that plaintiff is entitled to recover costs pursuant to 15 U.S.C. § 1692k(a)(3) and California Civil Code § 1788.30(c), and will recommend that plaintiff be awarded $361.61 in costs.

The undersigned finds that plaintiff is entitled to recover reasonable attorneys' fees. The Ninth Circuit Court of Appeals has held that district courts must use the "lodestar method" to calculate reasonable attorneys' fees in cases such as this one. Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008) (citing Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (per curiam)); see also Bankston v. PhyCom Corp., No. C 07-03982 JF (PVT), 2008 WL 4412252, at *3 (N.D. Cal. Sept. 25, 2008) (unpublished) ("In FDCPA and [Rosenthal Act] cases, courts use the lodestar method to calculate attorneys' fees."). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Camacho, 523 F.3d at 978 (citation omitted). The Court of Appeals has further held that "[a]lthough in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." Id. (citation

omitted).

Plaintiff has submitted materials indicating that his attorneys and paralegals expended 7.2 hours on this matter at billable rates ranging from $125.00 per hour to $394.00 per hour for, for a total of $1,702.00 in attorneys' fees. (Dkt. 11 at 21.) The undersigned finds that, upon review of the supporting materials filed by plaintiff, the hourly rates are reasonable. However, the undersigned will recommend that the fee award be reduced by $37.50 based on a 0.3-hour reduction of the reasonable hours expended by a paralegal (at a rate of $125.00 per hour) in preparing the verified complaint in this case. Plaintiff's attorneys' billing entries indicates that a paralegal spent 0.3 hours revising the complaint "to allege more violations" after an attorney had reviewed the pleading. (Dkt. 11 at 20.) Although the undersigned cannot say with certainty that this time was expended to add the numerous factually unsupported claims alleged in the verified complaint, in light of such unsupported claims a reduction in the fee award is appropriate, even if minimal and of symbolic value. Accordingly, the undersigned will recommend that plaintiff be awarded $1,664.50 in fees.

Additionally, the undersigned will not recommend that plaintiff recover the requested $500.00 in anticipated collection costs. Plaintiff cites no authority in support of such an award, and "[t]he plain language of § 1692k states that 'the costs of the action' itself may be recovered, but does not provide for costs incurred in enforcing a resulting judgment." Middlesworth v. Oaktree Collections, Inc., No. 1:09-cv-601 OWW BAK [SMS], 2009 WL 3720884, at *2 (E.D. Cal. Nov. 3, 2009) (unpublished) (citing Molinar v. Coleman, No. 3:08-CV-1430-M, 2009 WL 435274, at *3 (N.D. Tex. 2009)); see also Selby v. Christian Nicholas & Assocs., Inc., No. 309-cv-121-J-34JRK, 2010 WL 745748, at *3 (M.D. Fla. Feb. 26, 2010) (unpublished); Jamal v. Thompson & Assocs., P.C., No. C-09-04249 MHP (BZ), 2010 WL 678925, at *4 (N.D. Cal. Feb. 25, 2010) (unpublished); Jones v. Morgan Stone Assocs., No. 09-03172 JSW, 2010 WL 55884, at *1 (N.D. Cal. Jan. 4, 2010) (unpublished); Dayton v. N.E.

Fin. Solutions, No. 09-CV-549A, 2009 WL 4571819, at *3 (W.D.N.Y. Dec. 7, 2009).[10]

## IV.  CONCLUSION

For the reasons stated above, the court HEREBY RECOMMENDS that:

1. Plaintiff's application for default judgment (Dkt. Nos. 11, 13) be granted;

2. Plaintiff be awarded $800.00 in statutory damages, $361.61 in costs to date, and $1,664.50 in attorneys' fees to date; and

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: May 17, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[10] Of note, with respect to the unfounded request for anticipated collection costs, the law firm that represents plaintiff here, Krohn & Moss, Ltd., also served as the plaintiff's counsel in the Middlesworth, Selby, Jamal, Jones, and Dayton cases, where the courts flatly rejected the same requests for anticipated costs.